```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA

 4              v.                            09 Cr. 195 (GBD)

 5   LOUINSKY MINIER,
                                              Sentence
 6                   Defendant.

 7   ------------------------------x

 8                                            New York, N.Y.
                                              February 14, 2013
 9                                            10:25 a.m.

10   Before:

11            HON. GEORGE B. DANIELS

12                                            District Judge

13
              APPEARANCES
14

15   PREET BHARARA
          United States Attorney for the
16        Southern District of New York
     NOLA B. HELLER
17        Assistant United States Attorney

18
     ALLAN HABER
19        Attorney for Defendant

20

21

22

23

24

25
```

1              (Case called)

2              THE CLERK:  Will the parties please stand and state
3   their names.

4              MS. HELLER:  Good morning, your Honor.  Nola Heller
5   for the United States.

6              MR. HABER:  Good morning, your Honor.  Allan Haber for
7   Louinski Minier.

8              THE COURT:  Good morning.  Mr. Haber, have you
9   received a copy of the pre-sentence report and had an
10  opportunity to review it with your client?

11             MR. HABER:  I have, your Honor.

12             THE COURT:  Do you have any objections or corrections
13  to be made to the report itself?

14             MR. HABER:  No, your Honor.

15             THE COURT:  I received submissions by both the
16  government and defense.  I thought I understood what the
17  government was saying, but I was a little unclear about how the
18  government was recommending that the sentence be calculated,
19  particularly in relationship to the time that he has already
20  served.

21             MS. HELLER:  Your Honor, we stand by our plea
22  agreement, which recommended the range of between 292 and 365
23  months.  However, we are not objecting to Mr. Haber's motion
24  for your Honor to make a downward departure.  He has that right
25  to make that motion.  We are not making it with him, but we

1  don't disagree that it is technically applicable, and that
2  conduct is certainly part of the instant offense.
3          THE COURT:  What I was trying to figure out from
4  reading the papers, what was the expectation of the parties of
5  how this was going to be handled when you entered the plea
6  agreement?  Also, I have the complication that the guideline
7  range that you stipulated to is not the actual guideline range
8  that the probation department has calculated.
9          MS. HELLER:  That's right, your Honor.  I think we
10 anticipated that your Honor might give the defendant a sentence
11 somewhere within that range, between 292 and 365, and then, if
12 your Honor decided to give Mr. Minier credit for the time he
13 has already been in prison in state custody, technically, that
14 would be subtracted from the range that the parties stipulated
15 to.  Of course, we didn't anticipate the higher range.  But
16 that is what the parties contemplated.  Mr. Haber can, of
17 course, correct me if I'm wrong.
18          THE COURT:  My understanding is that he has served
19 about 72 months.
20          MR. HABER:  6 years, that's correct.  He is, I think,
21 a couple of days shy of 6 years.
22          THE COURT:  Ms. Heller, I'm trying to make sure of the
23 numbers, what that means.  You are saying that a reasonable
24 sentence is within the guideline range minus the time that he
25 served?

1              MS. HELLER:  We are saying we wouldn't object if your
2   Honor wanted to impose that downward departure, yes.
3              THE COURT:  That would be a downward departure
4   pursuant to --
5              MS. HELLER:  5T1.3.
6              THE COURT:  You don't disagree that he qualifies?
7              MS. HELLER:  He does qualify for that, your Honor.
8   The reason for it is that the conduct is based on the same
9   conduct.  Certainly not all of it.  The defendant pled guilty
10  to many additional crimes here, so it certainly isn't the
11  entirety of it.
12             THE COURT:  Let me hear from the defense.  Mr. Haber,
13  do you want to be heard further on sentence?
14             MR. HABER:  Your Honor, I think my submission makes it
15  pretty clear.  I don't think there is a whole lot more to say
16  about that.  The conviction from state prison was exactly the
17  same as this one.  We would hope that the Court would give him
18  credit for that time.  He has also been writted in, so he is
19  not getting any credit at all for the time that he has been in
20  federal custody.  I believe his state prison sentence runs out
21  this month, in a few days.
22             THE COURT:  He is still serving --
23             MR. HABER:  He is still serving his state sentence,
24  your Honor.
25             THE COURT:  Mr. Minier, is there anything you want to

1  say before I impose sentence?

2          THE DEFENDANT:  No, your Honor.

3          THE COURT:  I have reviewed the pre-sentence report,
4  and I accept the factual recitations in the pre-sentence report
5  and the guideline range as calculated.  I accept the guideline
6  range as calculated by the probation department as being
7  accurate.

8          In the letter I received from the government, the
9  government indicated that the plea agreement had calculated a
10 lower guideline range, which was probably not accurate, that
11 the probation department guideline range is the accurate
12 guideline range.  However, the government's position is that
13 they will stick with their position that the sentence within
14 that range that was calculated and discussed in the plea
15 agreement is a reasonable sentence to impose on the defendant.

16         Also, I find pursuant to the guideline range, given
17 the nature of his prior conviction in state court and its
18 relationship to this offense that he pled guilty to, that he is
19 entitled to a downward departure below the stipulated guideline
20 range and credit for the time, the 72 months, that he has
21 already served on this offense.

22         I have considered all the factors in 18 U.S.C. 3553(a)
23 relevant to sentence.  I therefore will impose the sentence as
24 was laid out as a reasonable sentence in the plea agreement.

25         I am going to impose a sentence of 292 months minus

1  the 72 months as a downward departure for the time he has
2  already served, for a total sentence of 270 months.
3              MS. HELLER:  I'm sorry, your Honor.  270?
4              MR. HABER:  I believe it is 220, your Honor.
5              THE COURT:  220.  I'm sorry.  220 months on this
6  offense.  I will impose that sentence on both Counts One and
7  Two.  I will impose a 5-year period of supervised release, and
8  I must impose the mandatory $100 special assessment on both
9  counts.
10             The mandatory conditions of supervised release are
11 imposed.  The defendant shall not commit another federal,
12 state, or local crime.  The defendant shall not illegally
13 possess a controlled substance.  The defendant shall not
14 possess a firearm or destructive device.  The defendant shall
15 cooperate in the collection of DNA as directed by the probation
16 office.
17             The standard conditions of supervision 1 through 13 as
18 recommended by the pre-sentence report are also imposed, with
19 the special condition that the defendant shall participate in a
20 drug or alcohol treatment program, which may including testing
21 to determine whether the defendant has reverted to the use of
22 drugs or alcohol.
23             The defendant shall also submit his person, residence,
24 place of business, vehicle, and any other premises under his
25 control to a search on the basis that the probation officer has

1  reasonable belief that contraband or evidence of a violation of
2  the conditions of release may be found.  The search must be
3  conducted at a reasonable time and in a reasonable manner.
4  Failure to submit to a search may be grounds for revocation.
5  The defendant shall inform any other residents of the premises
6  that the premises may be subject to search pursuant to this
7  condition.
8         The defendant is to report to the nearest probation
9  office within 72 hours of his release from federal custody.
10        Mr. Minier, you have the right to appeal this
11 conviction and sentence.  If you wish to appeal any portion of
12 this conviction and sentence, you should discuss it immediately
13 with your attorney in order to preserve your right to appeal.
14 A notice of appeal must be filed on your behalf within 14 days
15 of entry of today's judgment.
16        Anything further by the government?
17        MS. HELLER:  Your Honor, one thing.  Unfortunately,
18 Mr. Abreu's family members planned on being here.  I'm informed
19 they just parked and are on their way up to the courtroom.  Mr.
20 Abreu's mother had a letter that she had wanted me to read to
21 the Court.  I understand the proceeding is ending.  What I can
22 do is when they arrive, hand up a copy to your Honor and pass a
23 copy to the defendant.
24        THE COURT:  All right.
25        MR. HABER:  Your Honor, might I ask that you recommend

1   that he be designated to the New York City area federal prison?

2              THE COURT:  I will recommend the New York City area.

3              MR. HABER:  Thank you, your Honor.

4              MS. HELLER:  I should also ask for open counts and the

5   underlying indictments to be dismissed against Mr. Minier.

6              THE COURT:  That application is granted.

7              That is the sentence of the Court.

8              (Adjourned)